Argued and submitted October 1, affirmed October 11, 1984

ECUMENICAL MINISTRIES OF
OREGON et al,
*Appellants,*

*v.*

PAULUS,
*Respondent.*

(CC 151098; SC S31120)

688 P2d 1339

Keith Burns, Portland, argued the cause for appellants. With him on the brief were W. G. Kelly Clark and John Chally, of Bouneff, Chally & Marshall, Portland.

Michael D. Reynolds, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, William F. Gary, Deputy Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Peterson, Chief Justice, and Linde, Campbell, Roberts, Carson and Jones, Justices.

PER CURIAM

## PER CURIAM

Plaintiffs appeal from a circuit court judgment in favor of defendant Secretary of State dismissing plaintiffs' complaint. In that pleading, plaintiffs sought declaratory, injunctive and mandamus relief in the form of an order preventing the Secretary of State from certifying initiative Ballot Measure 4 for the November 6, 1984, general election. The gist of plaintiffs' complaint was that the ballot title prepared for the initiative measure was inaccurate, insufficient and unfair.

Ballot Measure 4, if approved by the voters on November 6, 1984, would amend the Oregon Constitution to permit the legislature to provide by law for a statewide lottery. A ballot title for Ballot Measure 4 was prepared by the Attorney General and submitted to defendant Secretary of State as provided in ORS 250.065(3).[1]

On April 12, 1984, defendant issued a news release which stated that she had received a ballot title from the Attorney General. No challenge to the ballot title prepared by the Attorney General was brought by proponents or opponents of the ballot measure within the time and in the manner provided by ORS 250.085 (quoted *infra*).

Proponents of Ballot Measure 4 circulated initiative petitions and gathered signatures in support of placement of their initiative on the ballot. On July 20, 1984, defendant Paulus certified that Ballot Measure 4 carried enough lawful signatures to be placed on the ballot for the November 6, 1984, general election.

On August 27, 1984, plaintiffs filed a complaint in the Marion County Circuit Court. Plaintiffs alleged that the ballot title prepared by the Attorney General contained an erroneous statement. The challenged statement, contained in

---

[1] ORS 250.065(3) provides:

"Not later than the 10th business day after receiving the copies of a prospective petition, the Attorney General shall provide a ballot title for the state measure to be initiated or referred and return one copy of the prospective petition and the ballot title to the Secretary of State. However, if a prospective initiative petition is filed with the Secretary of State after the 180th day before the deadline for filing the initiative petition, the Attorney General shall provide the ballot title not later than the fifth business day after receiving the copies of the prospective petition. Unless the Supreme Court certified a different title, this ballot title shall be the title printed in the voters' pamphlet and on the ballot."

the middle of the "explanation"[2] section of the ballot title, states: "Requires 50% of proceeds to be paid in prizes."

Plaintiffs' complaint set forth three claims for relief. Each claim for relief was premised on assertions that the ballot title was "erroneous," "misleading," "insufficient" and "unfair." They prayed for a circuit court order preventing the Secretary of State from placing Ballot Measure 4 on the November 6, 1984, general election ballot. They did not seek correction of the ballot title and acknowledged in argument that no court has the authority to correct any error in the title at this time.

On August 31, 1984, defendant Secretary of State moved the circuit court for dismissal of the complaint as follows:

"Defendant Secretary of State, pursuant to ORCP 21A, moves this court for an order dismissing plaintiffs' complaint on the grounds that this court lacks subject matter jurisdiction and the complaint fails to state ultimate facts sufficient to constitute a claim."

The circuit court allowed the motion to dismiss.

On appeal, plaintiffs seek reversal of the judgment entered by the circuit court. The appeal was certified by the Court of Appeals to the Supreme Court, and this court accepted certification on September 19, 1984, pursuant to ORS 19.210 and ORAP 17.05.

First, we hold that the circuit court had jurisdiction under ORS 246.910.[3] Plaintiffs challenged an "act or failure to

---

[2] ORS 250.035(1) provides:

"The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words by which the measure is commonly referred to;

"(b) A question of not more than 20 words which plainly states the purpose of the measure, and is phrased so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c) A concise and impartial statement of not more than 75 words of the chief purpose of the measure."

[3] ORS 246.910(1) provides:

"A person adversely affected by any act or failure to act by the Secretary of State or a county clerk under any election law, or by any order, rule, directive or instruction made by the Secretary of State or a county clerk under any election law, may appeal therefrom to the circuit court for the county in which the act or

act by the Secretary of State"—the "act" being the placing of the measure on the ballot. *Cf. State ex rel Sajo v. Paulus,* 297 Or 646, 648-49, 688 P2d 367 (1984). Defendant raised no issue whether plaintiffs, or any of them, were persons "adversely affected" by the challenged actions.

The question remains whether ORS 250.085 is the exclusive procedure for resolving the type of claim that plaintiffs sought to present to the circuit court. ORS 250.085 provides:

"(1)   Any person dissatisfied with a ballot title for an initiated or referred measure filed with the Secretary of State by the Attorney General or Legislative Assembly, may petition the Supreme Court seeking a different title and stating the reasons the title filed with the court is insufficient, not concise or unfair.

"(2)   The petition must be filed:

"(a)   Not later than the 20th day after the title is filed with the Secretary of State;

"(b)   If the title is provided by the Attorney General or a committee of the Legislative Assembly under ORS 250.075, not later than the 20th day after the Attorney General or the committee files the certificate of mailing with the Secretary of State; or

"(c)   If the title is filed with the Secretary of State before an amendment to the proposed initiated measure is filed with the secretary under ORS 250.045, not later than the 20th day after the Attorney General certifies that no change in the title is necessary.

"(3)   The court shall review the title and measure to be initiated or referred, hear arguments, if any, and certify to the Secretary of State a title for the measure which meets the requirements of ORS 250.035 and 250.039.

"(4)   The review by the Supreme Court shall be conducted expeditiously to insure the orderly and timely circulation of the petition or conduct of the election at which the measure is to be submitted to the electors."

The legislature has provided in ORS 250.085 that challenges to the sufficiency and fairness of ballot titles shall

---

failure to act occurred or in which the order, rule, directive or instruction was made."

be made in the Supreme Court within 20 days after the ballot title is filed with the Secretary of State. This type of ballot title challenge cannot be made in other proceedings (such as an appeal to the circuit court pursuant to ORS 246.910), because the legislature clearly intended that the procedure set forth in ORS 250.085 be exclusive. The legislature provided that the remedy for an insufficient and unfair ballot title is correction of the ballot title by the Supreme Court. The legislature did not intend to empower the Secretary of State, the Attorney General, or any court to order removal of a ballot measure from the ballot because of an asserted defect in the ballot title.

Plaintiffs argue that the remedy under ORS 250.085 for a mistake by the Attorney General in preparing a ballot title is inadequate because under ORS 250.065(4) only the "chief petitioner" is entitled to official notice of the Attorney General's proposed ballot title, and that person has no reason to question an error which is favorable to the proponents of the measure. This may be a valid criticism of the procedure. It might indeed be preferable to have an open administrative procedure, perhaps akin to expedited rulemaking, for proposed ballot titles in advance of a more limited form of judicial review than that which ORS 250.085 now places in the original jurisdiction of this court. But that is a matter for legislative correction. We are convinced that the legislature meant the existing procedure to exclude a later obligation of the Secretary of State to reexamine a ballot title so as to keep a measure off the ballot if there is an error in the title.

Plaintiffs' complaint was properly dismissed. The judgment of the circuit court is affirmed.